Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1646 | **DATE** | 7/13/2000 |
| **CASE TITLE** | Tidwell vs. Daley et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/9/2000 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendant Kofron's motion (Doc 7-1) to dismiss is granted with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 14 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 15 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE TIDWELL,                        )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )    00 C 1646
                                        )
RICHARD M. DALEY, TERRY HILLARD,        )
GERALDINE KOFRON, GERARDO               )
TENEYUQUE, EDWARD PAKULA,               )
CHARLES ARTZ, TERRENCE COLLINS,         )
DR. HUTON, MERCY HOSPITAL,              )
                                        )
                    Defendants.         )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Defendant Geraldine Kofron's Motion to Dismiss Plaintiff's Complaint. For the reasons set forth below, we grant Kofron's motion.

## BACKGROUND

Plaintiff Maurice Tidwell ("Plaintiff") alleges that incident to his arrest on November 28, 1999, he was beaten by officers of the Chicago Police Department, and when transported to Mercy Hospital, he was denied proper medical treatment. Our immediate attention is drawn to the sufficiency of Plaintiff's complaint against one defendant, Geraldine Kofron ("Kofron"), the Operations Commander for the

Chicago Police Department facility at 5101 South Wentworth Street, the factual allegations of which we must accept as true for the purposes of this motion. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993).

As part of his pro se complaint, Plaintiff initially sought to hold liable Defendants Richard M. Daley ("Daley"), the Mayor of the City of Chicago (official capacity claim only), Terry Hilliard ("Hilliard"), the Superintendent of the Chicago Police Department (official capacity claim only), and Kofron (official capacity and individual capacity claims). Plaintiff's sole allegation against that these defendants is that they "make everyone go by they're [sic] rule." Plaintiff's allegations against the remaining defendants claim specific acts committed towards him, except for Mercy Hospital.

On May 2, 2000, we dismissed Daley, Hilliard, Huton, and Mercy Hospital sua sponte. Defendant Kofron thereafter filed this motion to dismiss.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff

and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. See Fed.R.Civ.P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## ARGUMENT

As we have observed before, plaintiffs in police brutality cases habitually name as defendants police supervisors who are not alleged to have inflicted any physical punishment upon the plaintiffs. It then falls to the courts to determine how wide of a net should be cast over non-participating police supervisors.

Here, Plaintiff seeks to hold Kofron, the Operations Commander for one Chicago Police Department facility, liable for beatings allegedly inflicted upon Plaintiff by the defendant officers. Plaintiff's brings suit against Kofron in both her official capacity, and as an individual. Kofron has moved to dismiss[1] any claims directed towards her, so we will examine in turn the propriety of each possible variety of Plaintiff's claim.

### I. Official Capacity

It is well settled that to adequately plead a cause of action under Section 1983, plaintiff must allege that: (1) the conduct complained of must have been committed by defendant under color of state law; and (2) the conduct must have deprived plaintiff of his rights, privileges or immunities that are secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908

---

[1] As of this writing, Plaintiff has not answered, despite being afforded ample time to do so, as set forth in our June 15, 2000 minute order.

(1981). Actions against a government officer that are directed towards him in his official capacity are in fact claims against the government entity for which the officer works. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985). Thus, the government entity must be "a moving force behind the deprivation," and the standard for municipal liability applies. See Graham, 473 U.S. at 165-66. Accordingly, to properly plead a cause of action against Kofron in her official capacity, Plaintiff must show that he was injured as the result of an official policy, custom, or practice. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018 (1978). While there is no heightened pleading standard for Section 1983 cases, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), plaintiff must still allege particular facts in his complaint that sufficiently orient defendant to the essential nature of plaintiff's claimed injury. See Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 736 (7th Cir. 1994).

There are three situations the Seventh Circuit recognizes as sufficient to plead a civil rights deprivation by way of a policy:

> (1) an express policy that, when enforced, causes a constitutional deprivation...; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law...; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority...

Baxter, 26 F.3d at 734-35 (citations omitted). Sufficiently pleading the existence of a government policy may be achieved by alleging that the government entity or officer directly engaged in improper conduct, or by alleging a sequence of improper acts which lead to the inference that the governmental policymakers should have known what was happening, and by virtue of their inaction, is held liable for the misconduct of the lower-level officers. See Jackson v. Marion Cty., 66 F.3d 151, 152-53 (7th Cir. 1995).

Even though we give a more generous reading to a pro se litigant's complaint, we nonetheless believe that Plaintiff here has failed to allege a Section 1983 case against Kofron in her official capacity. Plaintiff has not made any policy-type allegations, nor has he plead any bad acts that could constitute the requisite series of improper acts. Further, there are no allegations that Kofron directly engaged in any improper conduct. Accordingly, Plaintiff has failed to allege an actionable deprivation of his rights by Kofron in her official capacity, and we will turn our eye to whether he has made out a claim against Kofron as an individual.

## II. Individual Capacity

For 1983 claims within the Seventh Circuit, "plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Liability based solely

upon the theory of respondeat superior is insufficient to fulfill the personal responsibility requirement. See Jones v. City of Chicago, 856 F.2d 985, 992 (9th Cir. 1988). Plaintiff may establish personal liability through allegations that his constitutional injury was caused at defendant's direction, or with his knowledge or consent. See Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985). This requires defendant to be aware of the conduct, somehow enable it, approve of it, or pretend it does not exist. See Jones, 856 F.2d at 992. Legal conclusions that are bereft of any well-plead facts are insufficient to allege a Section 1983 claim. See McTigue v. City of Chicago, 60 F.3d 381, 382-83 (7th Cir. 1995).

Plaintiff's complaint contains only one charge against Kofron, when Plaintiff claims she, Daley, and Hilliard "make everyone go by they're [sic] rule." Plaintiff does not allege that Kofron was physically present when he was beaten by the officers, much less that she inflicted any physical punishment upon Plaintiff. Nor does Plaintiff plead specific facts tending to show that Kofron was aware of the conduct, somehow enabled it, approved of it, or pretended it was not happening. Even a generous reading of the complaint shows that the only apparent basis for Kofron's liability is that impugned to her because she makes officers go by her rules. This allegation, based on the chain of command is insufficient. Because the complaint does not contain adequate allegations under federal standards to plead that

Kofron was personally responsible for the deprivation of Plaintiff's constitutional rights, in addition to his failure to adequately plead an official capacity claim against Kofron, we grant Kofron's motion to dismiss with prejudice for all claims directed against her.

## CONCLUSION

For the foregoing reasons, Defendant Kofron's motion to dismiss is granted with prejudice.

Charles P. Kocoras
United States District Judge

Dated: July 13, 2000