Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1646 | **DATE** | 3/29/2001 |
| **CASE TITLE** | Tidwell vs. Teneyuque et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/8/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 28-1) to strike and dismiss is granted in part and denied in part. The Defendants' Motion to Strike is denied. The Defendants' Motion to Dismiss Count V is granted. The Defendants' Motion to Dismiss Count X is granted. The Defendants' Motion to Dismiss Counts VI, VIII, , IX and X to the extend they rely on the Illinois Constitution is also granted. All other pending motions are moot. All outstanding discovery to be completed by April 12, 2001. All discovery to be completed by August 8, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAR 3 0 2001 | |
| | | | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE TIDWELL,           )
                           )
             Plaintiff,    )
                           )
     vs.                   )
                           )    00 C 1646
Chicago Police Officers, GERARDO           )
TENEYUQUE, Star # 19685; CHARLES ARTZ,     )
Star # 19783; EDWARD PAKULA, Star # 7757   )
and other unknown Chicago Police Officers, )
                           )
             Defendants.   )

## MEMORANDUM OPINION

**DOCKETED**
**MAR 30 2001**

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants' Combined Motion: (1) to Strike Certain Paragraphs from the First Amended Complaint; (2) to Dismiss Count V; (3) to Dismiss Count X; and (4) to Dismiss Counts VI, VIII, IX, and X to the extent those counts rely on the Illinois Constitution. For the reasons set forth below, the Defendants' motion is granted in part and denied in part.

### BACKGROUND

On a motion to dismiss, the Court must accept the Plaintiff's allegations as true. The Plaintiff, Maurice Tidwell, alleges that on November 28, 1999, Defendants, Chicago Police Officers Gerardo Teneyuque, Charles Artz, Edward Pakula, and

Terrence Collins were on the premises of an apartment building where Tidwell resided. According to the complaint, the officers chased Tidwell and upon securing his person, began beating Tidwell. During this struggle, the officers allegedly caused Tidwell severe injuries including a broken bone in his leg, and two broken ribs. See Pl.'s Complaint at ¶¶ 26-27. The Plaintiff further alleges that the officers failed to provide medical assistance to Tidwell after this altercation. The Plaintiff alleges that other "Unknown Officers" witnessed this struggle, and did not prevent this conduct. Id. at ¶¶ 31-33.

The Plaintiff filed his initial complaint pro se on March 14, 2000. On December 5, 2000, Tidwell filed his First Amended Complaint with this Court. In the Complaint, Tidwell alleges that the Defendants violated his rights under the Fourth and Fourteenth Amendments and under 42 U.S.C. § 1983, and alleges federal counts of: (1) excessive and unnecessary force (Count I); (2) failure to provide medical attention (Count II); (3) deprivation of civil rights (Count III); (4) failure to prevent the allegedly unlawful acts of the other officers (Count IV); and (5) conspiracy (Count V). Tidwell further alleges counts based on federal law, Illinois state common law, and the Illinois Constitution. These are counts of assault (Count VI), battery (Count VIII), false imprisonment (Count IX), and malicious prosecution (Count X).

## DISCUSSION

1. Motion to Strike

The Defendants have moved to strike paragraphs 16 and 18-25 from Plaintiff's First Amended Complaint. In their motion to dismiss, the Defendants charge that these paragraphs do not tell the Plaintiff's version of the night in question.

Federal Rule of Civil Procedure 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The party moving to strike bears the burden of showing that "the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Vakharia v. Little Company of Mary Hospital and Health Care Centers, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998) citing Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992); Cumis Ins. Soc'y Inc. v. Peters, 983 F.Supp. 787, 798 (N.D. Ill. 1997). Motions to strike are not favored. Vakharia, 2 F. Supp. 2d at 1033 (citation omitted).

The Defendants' objection to these paragraphs of the Plaintiff's complaint is that they do not allege Tidwell's version of disputed events. The Court has not found any authority to strike these paragraphs as "redundant, immaterial, impertinent, or scandalous." The Court does not believe that the disputed language will prejudice the Defendants at this early stage of the litigation. See 5A Wright & Miller § 1382 (2d ed. 1990). The Defendants' motion to strike paragraphs 16, 18-25 is denied.

2. Motion to Dismiss Count V- Conspiracy

Count V of Tidwell's First Amended Complaint alleges that Officers Teneyuque, Artz, Pakula, and Collins, as well as additional unknown officers, conspired to deprive Tidwell of his constitutional rights. The Defendants contend that Tidwell has not properly plead his conspiracy claim, and that a conspiracy between these officers cannot exist under the law.

The Seventh Circuit has found four prerequisites to pleading a conspiracy under § 1983: (1) the existence of an agreement; (2) the agreement need not be overt, but if not, the alleged acts must be sufficient to raise the inference of mutual understanding; (3) acts performed together by the members of the conspiracy are adequate when they are unlikely to have been undertaken without an agreement; and (4) a whiff of the alleged conspirators' assent cannot await discovery but must be apparent on the face of the complaint. Kunik v. Racine County, Wisconsin, 946 F.2d 1574, 1580 (7th Cir. 1991).

In the Complaint, the Plaintiff alleges that the officers "by agreement, acted in concert and conspired with each other in the performance of each and every act and/or omission alleged in each of the foregoing paragraphs herein." Pl.'s Complaint at ¶ 60. Although the Plaintiff has alleged that an agreement existed between the officers, he still falls far short of the Kunik standard. In addition to an agreement, the Plaintiff must allege acts that suggest the existence of a conspiracy to deprive Tidwell of his

constitutional rights. "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir. 1992) (citation omitted). Simply inserting the words "conspired to" before a description of the defendants' conduct is not sufficient to plead conspiracy. See Young v. Murphy, 90 F.3d 1225, 1233 n.5 (7th Cir. 1996) citing Richardson v. City of Indianapolis, 658 F.2d 494, 500 (7th Cir. 1981). The Court finds the allegations in the Complaint to be conclusory, and the Defendants' motion to dismiss Count V is granted.

3.  Motion to Dismiss Count X- Malicious Prosecution

The Defendants also move to dismiss Count X of the First Amended Complaint. Count X alleges malicious prosecution by the police officers, in violation of both state and federal law. The Defendants move to dismiss this count, contending that Tidwell does not state a claim under Illinois law, and therefore cannot state a claim under the applicable federal standard.

To state a claim of malicious prosecution under Illinois law, the plaintiff must allege facts showing: (1) the commencement or continuance of an original judicial proceeding; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such a proceeding; (4) the presence of malice on the part of the defendant; and (5) damages resulting to the plaintiff. Swick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996). To state a claim for malicious prosecution under

§ 1983, a plaintiff must demonstrate that: (1) the plaintiff has met the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was commenced by state actors; and (3) the plaintiff was deprived of liberty. Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996) citing Smart v. Board of Trustees of Univ. of Illinois, 34 F.3d 432, 434 (7th Cir. 1994) (subsequent history omitted).

There is no allegation in Tidwell's complaint that a judicial proceeding was terminated in his favor. The Complaint contains no mention of any sort of prosecution or judicial proceeding, much less a malicious one. Plaintiff was allegedly arrested by the Defendants, but the Complaint is silent as to what sort of proceedings were initiated against Tidwell after this incident. Therefore, the Defendants' motion is granted, and Count X is dismissed in its entirety.

4. Motion to Dismiss Counts XI, XIII, IX, and X to the extent they rely on the Illinois Constitution[1]

In Counts VI (Assault), VIII (Battery), and IX (False Imprisonment), Tidwell asserts claims based on federal law, Illinois common law, and the Illinois Constitution. Defendants contend that the Illinois Constitution does not create an independent cause of action beyond the rights available to Plaintiff under § 1983 and the common law of Illinois, and therefore the Illinois Constitution should be dismissed from this case.

---

[1] The motion's reference to Count X will be ignored for purposes of this analysis. The Plaintiff has not adequately stated a claim for malicious prosecution, and the Court has dismissed Count X in its entirety.

When addressing a state law claim, a federal district court sitting in Illinois must attempt to predict how the Illinois Supreme Court would rule on that issue. See Allen v. Transamerica Ins. Co., 128 F.3d 462, 466 (7th Cir. 1997). This Court, then, must determine whether or not the Illinois Supreme Court would find an independent cause of action for assault, battery, or false imprisonment under the Illinois Constitution. Although there is a dearth of Illinois state law on this issue, several federal courts have addressed similar situations. Two of these courts have found that no cause of action exists under the Illinois Constitution when the plaintiff has a sufficient remedy for the charged conduct elsewhere in Illinois common law. See Ingram v. Jones, 1995 WL 745849, *4 (N.D. Ill. Nov. 29, 1995); Amati v. City of Woodstock, Illinois, 829 F.Supp. 998, 1006-07 (N.D. Ill. 1993). But see White v. O'Leary, 742 F.Supp. 990, 992 (N.D. Ill. 1990). Another federal court has found that when a plaintiff has an adequate remedy under federal law, specifically through § 1983, an independent cause of action will not exist under the Illinois Constitution. Richard v. Lukensmeyer, 1999 WL 261835, *3-4 (N.D. Ill. April 12, 1999).

In this case, the Plaintiff has an adequate remedy for these counts under *both* Illinois common law *and* federal law (by virtue of § 1983). And like Richard, the Plaintiff is "keenly aware" that these remedies exist. Id. at *4. The Plaintiff has pled Counts XI, XIII, and IX under Illinois common law and federal law. These other

remedies satisfactorily address the Plaintiff's claims. Therefore, any reference to the Illinois Constitution in Counts VI, VIII, and IX is stricken from the Complaint.

## CONCLUSION

The Defendants' Combined Motion is granted in part and denied in part. The Defendants' Motion to Strike is denied. The Defendants' Motion to Dismiss Count V is granted. The Defendants' Motion to Dismiss Count X is granted. The Defendants' Motion to Dismiss Counts VI, VIII, IX, and X to the extent they rely on the Illinois Constitution is also granted.

Charles P. Kocoras
United States District Judge

Dated: March 29, 2001