Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1646 | **DATE** | 11/8/2001 |
| **CASE TITLE** | Tidwell vs. Daley et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Tidwell's motion (Doc 46-1) to reconsider or to withdraw or amend his default admissions. Defendants' oral motion to compel Cook County Hospital to comply with all outstanding discovery requests is granted. So ordered. Defendants are given leave to file their motion for summary judgment by December 14, 2001. Plaintiff's answer to said motion due January 14, 2002. Reply due January 28, 2002. Ruling set for February 14, 2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 09 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE TIDWELL,

        Plaintiff,

vs.

RICHARD M. DALEY, TERRY G. HILLARD,
GERALDINE KOFRON, GERARDO TENEYUQUE,
EDWARD PAKULA, and CHARLES ARTZ,
T. COLIN, DR. HUTTON, and MERCY HOSPITAL
AND MEDICAL CENTER BOARD,

        Defendants.

00 C 1646

DOCKETED
NOV 9 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff Maurice Tidwell's motion for reconsideration of our June 14, 2001, order granting Defendants' motion to strike Plaintiff's answers to Defendants' requests for admission. For the reasons stated below, the motion is denied.

Defendants served Tidwell with a request for admissions in August 2000. According to Fed. R. Civ. Proc. 36(a), Tidwell had 30 days to respond to the requests or the facts contained within the requests would be deemed admitted. No response came until May 2001. On June 14, 2001, we granted Defendants' motion to strike the

late answers and in August denied a motion for reconsideration of that motion for lack of prosecution. The instant motion, filed after the parties' agreed cutoff date for discovery, seeks to resurrect the motion denied in August.

This case has been fraught with delays and missed deadlines almost from its inception. Tidwell has given us no reason to conclude that our granting of Defendants' motion to strike was in error, and we decline to reconsider it.

Tidwell also seeks to withdraw or amend his default answers under Fed. R. Civ. Proc. 36(b), which allows such action if it will serve the presentation of the merits of the case and the party who obtained the admission will not be prejudiced by the withdrawal or amendment. Tidwell argues that he meets both these criteria and thus that his default answers should be amended with the information in his late response. We disagree. Although the admitted statements go to whether the Defendants acted reasonably when arresting Tidwell and would thus arguably serve the presentation of the merits, Defendants would clearly be prejudiced if Tidwell was allowed to amend his answers. Defendants relied on months of inaction by Tidwell and two rulings by this court that the matters in the requests were conclusively admitted. Defendants conducted their discovery according to that reliance, and the instant motion was not actively pursued until the time for discovery had expired. As stated in the Advisory Committee Notes to Rule 36(b), if parties such as Defendants cannot depend on the

binding effect of admissions obtained under the rule, they cannot safely avoid the time, effort, and expense of preparing proof of the matters of which they have secured admission and the purpose of the rule is frustrated.

Accordingly, we deny Tidwell's motion to reconsider or to withdraw or amend his default admissions.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: November 8, 2001