Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1646 | **DATE** | 5/8/2002 |
| **CASE TITLE** | Tidwell vs. Teneyuque et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Tidwell's motion (Doc 58-1) to vacate is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | 61 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 MAY -9 PM 2:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE TIDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 1646 |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| TENEYUQUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff Maurice Tidwell's motion to vacate our February 20 grant of summary judgment against him. For the reasons set forth below, the motion is denied.

Plaintiff Maurice Tidwell ("Tidwell") was arrested in late November 1999. During the arrest, Tidwell fled from police officers and, once caught, struggled and fought with them. Tidwell was injured in the tussle, and he subsequently brought suit against the officers involved for constitutional and state law violations. The officers moved for summary judgment on December 21, 2001. Tidwell did not respond to the motion, which was granted on February 20. Now, two months later, he moves to vacate, apparently pursuant to Fed. R. Civ. Proc. 60(b), claiming that the lack of

response was due to the medical incapacitation of his counsel from January 4 to March 10.

To obtain relief from a judgment under Rule 60(b), a party must be able to demonstrate one of the bases enumerated within the rule, such as mistake, fraud, and excusable neglect. Russell v. Delco Remy, 51 F.3d 746, 749 (7th Cir. 1995). It is intended to address mistakes that are caused by extraordinary circumstances; relief is called for only in cases where there is a "substantial danger that the underlying judgment was unjust." Dickerson v. Bd. of Educ. of Ford Heights, 32 F.3d 1114, 1116 (7th Cir. 1994). An attorney's negligence, even gross negligence, will not of itself qualify as extraordinary circumstances. U.S. v. 7108 West Grand Avenue, 15 F.3d 632, 635 (7th Cir. 1994).

In this case, Tidwell's counsel attempts to characterize this situation as excusable neglect, which is a ground for relief under Rule 60(b)(1). He claims that he filed no response to the motion for summary judgment because he was so ill that he could not physically or mentally function at the time the response was due. However, he was apparently well enough to conduct business on other cases on January 22, January 28, and February 1. All these dates fall within the time period that Tidwell's counsel claims to have been completely incapacitated, making his claim of a medical incapacity and resulting excusable neglect strained at best.

In addition, this motion is pervaded with aura of déja vu; Tidwell's counsel has been less than diligent throughout the course of this litigation. Tidwell's response to an early motion to dismiss was filed a month late. He failed to comply with discovery requests, necessitating a motion to compel and resulting in default admissions. In June 2001, we granted a motion to strike Tidwell's late answer to the request for admission. He responded by filing two motions to reconsider; the first was denied for failure to prosecute. The second was also denied, making final the admission of facts upon which the Defendants based their motion for summary judgment. As noted, Tidwell's counsel then failed to respond to the motion for summary judgment. Over and over he has failed to comply with the deadlines we have set, resulting in much wasted time and effort by opposing counsel and this court. Although we endeavor to accommodate the schedules of the parties, the constant failure to keep to the timelines set in this case coupled with his apparent belief that he can undo the consequences of his own tardiness whenever it becomes convenient for him stretches our good will to the breaking point. Tidwell's counsel had numerous opportunity and plenty of incentive to address his problems with punctuality, but he did not do so. We will not give him the opportunity to further delay the final resolution of this matter. There is no evidence of the extraordinary circumstances that would convince us that relief under Rule 60(b) is appropriate. In

short, we will not relieve Tidwell's counsel of the consequences of his failure to pursue this case in a timely and responsible manner.

## CONCLUSION

Based on the foregoing analysis, Tidwell's motion to vacate is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  May 8, 2002